IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| S FARMS and SINGLETON FARMS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED GRAIN CORPORATION OF OREGON<br><br>Defendant. | CV 18-51-BLG-TJC<br><br>**ORDER ON PENDING MOTIONS TO STAY AND SCHEDULING** |

A status conference was held in this case on April 22, 2019. After discussion and upon the agreement of the parties, IT IS ORDERED:

1. The parties' have stipulated that Defendant's Motion for Stay of Order Pending Appeal (Doc. 12) and Defendant's Motion to Withdraw and Re-File Motion for Stay of Order Pending Appeal (Doc. 21) should be withdrawn. (Doc. 30.) The request is GRANTED, and said motions are deemed withdrawn.

2. The parties have further stipulated to the following terms and discovery schedule prior to the parties' appellate mediation to be scheduled in September 2019:

| | |
|---|---|
| Service of Written Discovery: | **April 30, 2019** |
| Answers to Written Discovery: | **June 1, 2019** |

| | |
|---|---|
| Rule 30(b)(6) Deposition of United Grain and Other Witnesses: | **June 1, 2019 – August 1, 2019** |
| Appellate Mediation: | **September 1, 2019 – September 30, 2019** |
| Status Conference: | **October 8, 2019** |

The parties may stipulate to the extension of any of the above without a court order, but such stipulations will not be enforced unless they comply with Local Rule 83.4.

3. **Limitations on Parties**. The parties have stipulated to the following limitations during this pre-mediation discovery period: (1) the discovery contemplated shall not delay the appellate decision if appellate mediation is not successful, but the scheduling of the parties' appeals shall be at the direction of the Court of Appeals for the Ninth Circuit; (2) the number of depositions by Plaintiffs and Defendant shall not exceed five without mutual agreement of the parties; (3) no party shall serve requests for admissions during the limited discovery period; (4) interrogatories and depositions shall count towards the limitations on numbers of interrogatories and depositions in Fed. R. Civ. P. 30 and 33, except that additional interrogatories and/or additional depositions and/or the retaking of depositions may be necessary if there are incomplete written discovery responses or if they become necessary due to the limited nature of the stipulated discovery.

4. **Further Scheduling**. At the October 8, 2019 Status Conference, the Court will determine whether to stay this action pending resolution of the parties' cross-appeals, or the Court will schedule further matters through trial.

5. **Discovery Exhibits**. During discovery, the exhibits shall be numbered seriatim. Numbers used for exhibits during discovery shall be identically used at trial.

6. **Foundation and Authenticity of Discovery Items**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosures and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, within thirty (30) days of service of the discovery item. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial.

7. **Supplementation of Discovery Responses**. Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

8.      **Discovery Disputes**.  Counsel are expected to promptly meet and confer regarding all disputed discovery issues, pursuant to the requirements of Local Rule 26.3(c)(1).  All discovery motions shall be filed within fourteen (14) days of the parties' meet and confer.  The Court will not entertain discovery motions based on post-Discovery Deadline occurrences.

9.      **Protective Orders**.  If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court.  Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.

10.     **Unopposed Motions**.  Unopposed motions shall be accompanied by a proposed order, separate from the motion.  The proposed order shall be a Word or WordPerfect document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order.  The proposed order shall be e-filed under the heading "Text of Proposed Order," and e-mailed to tjc_propord@mtd.uscourts.gov.  Failure to comply with this procedure may result

/ / /

/ / /

/ / /

/ / /

in delayed resolution of the unopposed motion.

**IT IS ORDERED.**

DATED this 22nd day of April, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge